UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 69 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| ALEXANDER BROWN | ) | |
| | ) | |

## OPINION AND ORDER

Defendant Alexander Brown moves to dismiss Counts 3 and 4 of his indictment. On March 1, 2018, a grand jury indicted Brown on one count of attempted possession of cocaine (Count 1), one count of possession with intent to distribute cocaine (Count 2), one count of being a convicted felon in possession of a firearm (Count 3), and one count of possessing a firearm in furtherance of a drug trafficking crime, namely the conduct alleged in Count 2 (Count 4). Brown now moves to dismiss Counts 3 and 4 arguing that the felony conviction underlying the charge in Count 3 is based on a constitutionally invalid statute and that he did not bring the gun in Count 4 to the aborted drug transaction in Count 1. Because Brown's underlying felony conviction was still in place at the time he was arrested for possessing a firearm, the Court denies the motion to dismiss Count 3 [37]. And because the basis of Brown's motion to dismiss Count 4 is founded on a misreading of the indictment—he is charged with possessing the gun in furtherance of the conduct in Count 2 not Count 1—and the indictment sufficiently lays out the charged offense, the Court denies the motion to dismiss Count 4 [32].

## BACKGROUND

According to the indictment, on February 2, 2018, Brown allegedly exchanged text messages and telephone calls with a government confidential informant ("CI"). These communications involved a potential drug transaction in which Brown planned to buy some

amount of cocaine from the CI.  Later that day, Brown and the CI met in person so that Brown could purchase the cocaine.  Brown did not bring a gun to this meeting.  After a conversation in the CI's car, Brown decided not to purchase the cocaine and left.  While driving away, he was arrested by federal agents.  Pursuant to a search warrant, federal agents then went to and searched Brown's home.  During the search, they found and seized a quantity of cocaine and a handgun.

## ANALYSIS

### I. Motion to Dismiss Count 3

Brown contents that the Court should dismiss Count 3 of the indictment, which charges him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), because his predicate felony charge is for unlawful use of a weapon in violation of 720 Ill. Comp. Stat. 5/24-1(a)(4), a statute that both the Illinois Supreme Court and the Seventh Circuit have since found to be unconstitutional.  Seventh Circuit precedent directly on point defeats Brown's motion.

In *United States v. Thompson*, 901 F.3d 785 (7th Cir. 2018), the defendant appealed his conviction for violation of 18 U.S.C. 922(g)(1) arguing that his predicate felony conviction for aggravated unlawful use of a firearm was invalid and thus he should not have been considered a felon.  *Id.* at 786.  The court held that despite the fact that his predicate felony was based on a statute later found to be unconstitutional, his conviction for violating § 922(g)(1) was still valid because at the time of his arrest, the state court had not vacated the prior felony conviction.  *Id.* at 787.

Here, a state court had not vacated Brown's prior felony conviction at the time of his arrest.  Therefore, the "firearm disability" imposed by his felony conviction was still in force.

*See id.* Brown argues that his case is distinguishable from *Thompson* because he had filed a petition to vacate his felony conviction prior to his arrest, but this does not change the analysis. As the court noted in *Thompson*, "[n]o exception . . . is made for a person whose outstanding felony conviction ultimately might turn out to be invalid for any reason." *Id.* (quoting *Lewis v. United States*, 445 U.S. 55, 62, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980)) (ellipsis in original). At the time of Brown's arrest, his petition to vacate his felony conviction was still pending. Therefore, he was still not legally able to possess a firearm under § 922(g)(1) and the Court denies his motion to dismiss Count 3.[1]

## II. Motion to Dismiss Count 4

Brown argues that the Court should dismiss Count 4 because it is undisputed that he did not bring the gun in question to the aborted drug transaction in Count 1, and therefore it could not possibly have been used in furtherance of that transaction. This argument fails at the outset, as Count 4 charges that Brown used the firearm in furtherance of the drug activity in Count 2, not Count 1, making it irrelevant whether he brought the gun to the aborted transaction. In reply, likely recognizing his error, Brown refocuses his argument, asserting that the indictment is insufficient because the original complaint and the details of Brown's arrest do not establish that he used the gun in furtherance of drug trafficking.

This argument fails as well. Brown's challenge to the indictment is a sufficiency of the evidence argument. To survive a motion to dismiss, an indictment generally need only "state[] the elements of the crime charged, inform[] the defendant of the nature of the charge so she may prepare a defense, and enable[] the defendant to plead the judgment as a bar against future prosecutions for the same offense." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir.

---

[1] The Court notes that *Thompson* is currently before the Supreme Court on a petition for a writ of certiorari. Should the Supreme Court rule on this issue in favor of the defendant, the Court may revisit this ruling at that time. For now, however, *Thompson* is the law of the land.

3

1997). A motion to dismiss an indictment is not "a means of testing the strength or weakness of the government's case." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009).

Brown does not attack the indictment on the three enumerated grounds above, but even if he did, such an attack would fail. The indictment here tracks the language of the statute, 18 U.S.C. § 924(c), provides the date of the offense, identifies the charged weapon, and identifies, by reference to Count 2, the narcotics for which Brown allegedly used the gun in furtherance to possess with the intent to distribute them. These elements plainly satisfy the statutory and constitutional requirements of an indictment as required in the Seventh Circuit.

Brown does attack the strength of the Government's case, however, arguing that he did not use the gun in furtherance of a drug transaction. In support of his argument, Brown points to several cases in which the Seventh Circuit upheld convictions under § 924(c) after sufficiency of the evidence challenges. The posture and result of these cases cited by Brown drive home that his challenge is more appropriate for trial and not the motion to dismiss stage. Thus, the Court denies Brown's motion to dismiss Count 4.

## CONCLUSION

For the foregoing reasons, the Court denies Brown's motions to dismiss Counts 3 and 4 of the indictment [32, 37].

Dated: January 28, 2019

_____
SARA L. ELLIS
United States District Judge